UNITED STATES DISTRICT COURT  
EASTERN DISTRICT OF NEW YORK  
\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\- X  
ANTONIO BLAND,   :  
 :  
     Petitioner, :  
 :  
   - against -  :  
 :  
UNITED STATES OF AMERICA,  :  
 :  
     Respondent. :  
 :  
\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\- X  

**NOT FOR PUBLICATION**

**ORDER**

1:10-CV-3249 (ERK) (JMA)

KORMAN, *J*.:

  The United States magistrate judge has filed a report and recommendation (R&R) recommending the denial of the petition for a writ of habeas corpus. I adopt the recommendation and deny the writ. I add these brief words which assume familiarity with the underlying facts as well as the legal analysis in the R&R.

  I agree with the U.S. magistrate judge that the holding of the Supreme Court of North Carolina construing the statutory offense of assault with a deadly weapon inflicting serious injury (AWDWISI) as requiring "actual intent to inflict injury or culpable criminal negligence from which such an intent may be implied," *State v. Jones*, 538 S.E.2d 917, 923 (N.C. 2000), brings the offense of AWDWISI within the residual clause of the Armed Career Criminal Act (ACCA). Under these circumstances, there is no basis for petitioner's ineffective assistance of counsel claim. Indeed, counsel was successful in obtaining a downward departure to the mandatory minimum from the otherwise applicable Sentencing Guidelines.

  Petitioner argues in the alternative that his initial counsel was ineffective because he failed to advise him to accept a plea offer that did not encompass a sentence under the ACCA. Because the U.S. Attorney ultimately withdrew the plea offer when he learned that petitioner had

1

three prior AWDWISI convictions, he argues that counsel's failure to advise him to promptly accept the offered plea satisfies the second prong of *Strickland v. Washington*, 466 U.S. 668 (1986). This claim fails, not only for the reasons discussed in the R&R, but also because petitioner's prior record would have been discovered at the latest by the probation officer who prepared the PSR. Under these circumstances, even if he had accepted the initial plea agreement and pled guilty, the ACCA would have required a mandatory minimum sentence of fifteen years without regard to whether he had been so charged in the indictment. The only relief to which he would have been entitled was the withdrawal of his guilty plea. This would have put him in the same place he found himself when the U.S. Attorney withdrew the initial plea offer.

**SO ORDERED.**

Brooklyn, New York
January 29, 2013

*Edward R. Korman*
Edward R. Korman
Senior United States District Judge